UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIELLE DRAPER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| ACCOUNTS RECEIVABLE ) | **COMPLAINT AND DEMAND FOR** |
| TECHNOLOGIES, ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

DANIELLE DRAPER ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ACCOUNTS RECEIVABLE TECHNOLOGIES ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New Jersey and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Arlington, Virginia.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at One Woodbridge Center, Suite 410, Woodbridge, New Jersey 07095.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to an automobile lease from Ally f/k/a GMAC.

11. The debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. As Plaintiff has no business debt, the debt sought by Defendant could have only been personal in nature.

13. Plaintiff's husband was recently transferred to a new job in Virginia, and Plaintiff has been unable to find employment in her new location.

14. Accordingly, while Plaintiff has at all times, intended on paying for her leased vehicle, she has fallen behind on her payments.

15. Beginning in or around December 2011, and continuing through April 2012, Defendant engaged in debt collection activities seeking payment from Plaintiff for the alleged debt.

16. Defendant's collectors, including, but not limited to "Greg" and "Peter West" repeatedly made harassing calls to Plaintiff's cellular telephone.

17. Defendant's harassing collection calls originated from numbers including, but not limited to (800) 392-4029 and (732) 638-0439. The undersigned has confirmed that these numbers belong to Defendant.

18. Defendant's collectors regularly called Plaintiff two to three times per day.

19. Plaintiff repeatedly told Defendant's collectors that she intended to pay the debt, but could not, due to her current unemployment.

20. During one conversation in or around April of 2012, Plaintiff told Defendant's collector that she could not pay the debt at the time, and demanded that Defendant not call Plaintiff for at least a week, to allow her to find employment.

21. Defendant's collector agreed, and represented that Defendant would not call Plaintiff for at least a week.

22. Despite this promise, Defendant called Plaintiff the next day, and throughout the next week, demanding payment of the alleged debt.

23. This caused Plaintiff increased anxiety and frustration, during her already difficult time of unemployment.

24. In addition, Plaintiff received a collection letter from Defendant dated December 23, 2011. A true and accurate copy of Defendant's December 23, 2011 correspondence is attached as Exhibit "A".

25. In its correspondence, Defendant writes "ALLY FORMERLY KNOWN AS GMAC was good enough to provide you with the service or product you needed. They deserve the same courtesy."

26. This statement is misleading as GMAC provided Plaintiff with an automobile as a calculated business decision, not out of a desire to be "good" to Plaintiff.

27. Furthermore, Plaintiff was offended by statement that GMAC deserves "the same courtesy", as Plaintiff intended in good-faith to pay the debt, upon securing employment.

28. Plaintiff believes that Defendant made the implication that Plaintiff was being discourteous in order to shame Plaintiff into paying Defendant.

29. Defendant's actions as described herein were made with the intent to harass, upset and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

31. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly, when it misrepresented that it would not call Plaintiff for a week, then called back throughout the ensuing week, when it stated that Plaintiff was being discourteous with the intent of shaming Plaintiff, and when it engaged in other harassing or abusive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE

**FAIR DEBT COLLECTION PRACTICES ACT**

32. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

33. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

**COUNT III**
**DEFENDANT VIOLATED § 1692e OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

34. Section 1692e of the FDCPA prohibits debt collectors from making any false or misleading statement, in connection with the collection of a debt.

35. Defendant violated § 1692e of the FDCPA when it misrepresented that it would not call Plaintiff for a week, when it implied that Defendant leased a vehicle to Plaintiff to be "good", and when it made other false or misleading representations.

**COUNT IV**
**DEFENDANT VIOLATED § 1692e(10) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

36. Section 1692e(10) of the FDCPA prohibits debt collectors from making false or misleading representations, in connection with the collection of a debt.

37. Defendant violated § 1692e(10) of the FDCPA when it misrepresented that it would not call Plaintiff for a week, when it implied that Defendant leased a vehicle to Plaintiff to be "good, and when it made other false and misleading representations.

## COUNT V
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

38. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

39. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly, when it misrepresented that it would not call Plaintiff for a week, then called back throughout the ensuing week, when it stated that Plaintiff was being discourteous with the intent of shaming Plaintiff, and when it engaged in other unfair methods of collecting an alleged debt from Plaintiff.

WHEREFORE, Plaintiff, DANIELLE DRAPER, respectfully pray for a judgment as follows:

  a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and
  d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DANIELLE DRAPER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

- 6 -

PLAINTIFF'S COMPLAINT

| | | |
|---|---|---|
| 1 | DATED: 05/21/2012 | KIMMEL & SILVERMAN, P.C. |
| 2 | | By: /s/ Jacob U. Ginsburg |
| 3 | | Jacob U. Ginsburg |
| | | Kimmel & Silverman, P.C. |
| 4 | | 30 E. Butler Pike |
| | | Ambler, PA 19002 |
| 5 | | Phone: 215-540-8888 |
| 6 | | Fax: 877-788-2864 |
| | | Email: jginsburg@creditlaw.com |

PLAINTIFF'S COMPLAINT